## COPE-SHANKS MOTOR CO v HERZIG

Ohio Appeals, 5th Dist, Tuscarawas Co

Messrs. Wilkin, Fernsell, Fisher & Limbach, New Philadephia, for Motor Co.

Mr. H. I. N. Stafford, New Philadelphia, for Herzig.

LEMMERT, J.

An examination of the record discloses that Hazel Herzig was the owner of the car in question in this case and that she made legal tender to plaintiff in error and demanded her automobile.

The record further discloses that the plaintiff in error knew that the car which was left for repairs belonged to Mrs. Herzig, because the plaintiff in error itself executed and delivered the Bill of Sale to Mrs. Herzig at the time it was purchased, and no place in the record has any agency been shown between Mrs. Herzig and her husband, Ralph Herzig, and there is nothing in the record that would bind her for anything that her husband may have done.

Complaint is made upon the part of plaintiff in error that the Court erred in refusing testimony as to who paid for the automobile and as to who purchased it and as to whether or not there was a mortgage on the car.

We think the Court was right in refusing such testimony, for the reason that

the only question at issue in the case was, as to who was entitled to possession of the car, and it did not make any difference who paid for it or whether the automobile was given to Mrs. Herzig or not. Such testimony might have been competent if this were an action to set aside a sale wherein there had been some fraud perpetrated in an action to defraud creditors.

Further complaint is made that the Court below erred in refusing testimony to establish what took place between Ralph Herzig and the plaintiff in error as to the car that was borrowed.

We do not believe that that question was competent in this case for the reason that no agency of any kind was shown. The defendant in error could not be bound by anything that her husband might have done with reference to this car which she owned in the absence of any proof that he had received instructions from her as her agent.

The theory of counsel for plaintiff in error might be correct if the car which was repaired had been owned by Ralph Herzig and the company had loaned him a car until such time as his own car could be repaired, but that situation does not exist in the case at bar. The record fails to disclose any authority on the part of Ralph Herzig to bind his wife, Hazel Herzig, for any repairs on damaged car for the reason that the record is silent as to any agency existing between the two.

It should be borne in mind that the evidence in any case must be confined to the issues in the case. The only issue in the case at bar was as to who was entitled to the possession of the automobile in question.

The plaintiff in error offered nothing to off-set the fact that the Bill of Sale was in the name of Hazel Herzig and whether the Sections of the General Code are penal statutes or not the fact remains that the Bill of Sale is prima facie evidence of ownership and in the absence of fraud and in the absence of any proof that title was in Mrs. Herzig to defraud creditors, there is nothing in the record to show that any body owned the automobile or had any interest in it other than Mrs. Herzig.

It is claimed by plaintiff in error and in support of its contention certain Supreme Court decisions concerning the interpretation of **66310-4** and **66310-14 GC**. Now, regardless of what interpretation might be placed upon these particular cases and the holding of the courts, the fact remains in the case at bar that Mrs. Herzig has shown by the record established ownership conclusively and the plaintiff in error, defendant below, was not precluded at any time in offering evidence to off-set the ownership proven by Mrs. Herzig, but the plaintiff in error was prevented from proving damages to a car belonging to it loaned to Mr. Herzig for the reason, we think rightfully so, that damage occuring to a car loaned to Mr. Herzig had nothing whatever to do with

ownership of the car belonging to Mrs. Herzig, and the right of possession and ownership was the main issue to be decided in the case at bar.

We find upon examination of the Court's charge that it is fair, clear and explicit and put the real issue in the case at bar up to the jury.

We believe the record discloses that this case was fairly tried and that the jury arrived at a proper conclusion and that the finding and verdict of the jury was right.

Therefore, it follows that the judgment in this case will be and the same is hereby affirmed.

Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.